## McKINLEY v. O'KESON.

An absolute promise by a bankrupt to pay a debt discharged by certificate is binding, though not made to the creditor or his authorized agent.

IN error from the Common Pleas of Juniata.

*June* 1. The plaintiff in this case having given in evidence a judgment against the defendant, who was a certified bankrupt, proved by Shirlock that he had a conversation with defendant relating to this judgment, for which the witness's father was security to the plaintiff; that he said to defendant—people said his father would have to pay it; to which defendant replied, the account was just except the price of one sheep, for which he had no credit, and he would pay it. Another witness proved he also had had a conversation with defendant, who said he would pay the debt. Neither of these witnesses had been employed by the plaintiffs in the matter.

The court (HEPBURN, P. J.) instructed the jury that the whole case turned on the testimony of Shirlock; the discharge in bankruptcy was a release of the debt, but the moral obligation was sufficient to support a promise. If that was believed, the plaintiff was entitled to a verdict.

*Fisher* and *Watts*, for plaintiff in error.—When it is said that the moral obligation which exists between a discharged bankrupt and his creditor, is such as will be a good consideration for a promise to pay the old debt, it must be received with these qualifications : that the promise must be made to the creditor himself, or to some one representing the creditor's interests, or so connected with the subject as to induce him, through interest or agency, to receive the promise and communicate the same to the plaintiff for his acquiescence and sanction ; but a naked declaration to a stranger, accidentally made without any design that it should be communicated to the creditor or relied upon by him, has not the qualities of contract upon which an action will lie. The plaintiff's cause of action in this case rests entirely upon the deposition of a single witness, to whom the alleged promise was made, whose testimony shows that he had no agency in the matter, no right to receive the promise,. and was under no obligation to communicate it, but an entire stranger to the transaction. For the plaintiff in error, it is contended that the loose declarations of a party casually made, having none of the sanctities of a contract, nor intended at the time to have been such, cannot create such an obligation as will maintain an action in the absence of any benefit to him who made the declaration, or any loss by him for whose benefit it is alleged it was made.

*Parker* and *Reed*, contrà.—The rule is well settled, that where one makes a promise to another, for the benefit of a third person, that third person may maintain an action on such promise. The leading case is Dutton and Wife *v.* Poole, 2 Lev. 210. This case has undergone much critical examination, but it stands now fully confirmed; 1 Bos. & Pull. 101, in note; 3 Bos. & Pull. 149; 1 Ventris, 6, 318, 332; Cowp. 443, 437; Dougl. 146; 1 Johns. Rep. 139, 140; 12 Johns. Rep. 276; 7 Johns. Ch. Rep. 57; 6 Watts, 183.

But the case in hand does not require a principle to this extent to support it. By the bankrupt law, it is the *remedy*, not the *debt*, that is taken away. It requires no new contract to impose the moral obligation to pay. It only requires a removal of the impediment to an action. Any waiver of the effects of the certificate

of bankruptcy is enough. This waiver needs no new consideration. This obviates the difficulty suggested in some of the cases, of no consideration moving from the bargainee when the promise is to a third person. It is similar to a promise which waives the benefit of an insolvent law. Such promise is good, though made after suit brought. It cannot, therefore, be considered as the basis of the action, but as the removal of some impediment in the way of it; 4 Wash. C. C. R. 86; 3 Wash. C. C. R. 404. It is the mere waiver of a personal privilege, which any one may do at any time.

Cases without number show, that the promise of a bankrupt to pay a debt barred by the statute, before or after his certificate, with or without any new consideration, may be enforced at law; see the cases collected in Chitty on Cont. 47—50, and the notes; also 190, &c., and the notes.

PER CURIAM.—When there is a moral obligation as a consideration, a recognition of the debt as an existing one, for any other purpose than to evade the statute of limitations, is favourably received as evidence of a promise to pay. Can it be material to whom, or before whom, it is made? In Hassinger *v.* Solms, 5 Serg. & Rawle, 48, the acknowledgment was made in the presence of one who had no direct interest in the question, yet it was held to be a binding promise. It is true the chief justice put it on the footing of a ratification of the act of the defendant's agent as a substitute for previous authority; but still the ratification from which the promise proceeded was made in a casual conversation with a third person. It must be admitted that these conversations are ticklish things; for the parties do not always think it necessary to speak by the card. But when they speak deliberately, there is no reason why they should not be bound by what they say when they promise to do an act in advancement of natural justice.

It was conceived to be a decisive fact in Hassinger *v.* Solms, that the promissor had received an important benefit from the payment of a part of the debt. The promise to pay, in the case before us, was made to the son of the defendant's surety for the debt, and it differs from that case in no other particular. But why should it be less effectual than if it had been made to the father himself? The case seems to be substantially the same as Hassinger *v.* Solms, and to be ruled by it.                                   Judgment affirmed.